**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QINGDAO ECOPURE FILTER CO., LTD. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| THE ENTITIES IDENTIFIED IN SCHEDULE "A" HERETO | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) ) ) | |

**COMPLAINT**

QINGDAO ECOPURE FILTER CO., LTD ("Plaintiff" or "Ecopure") brings this action against Defendants and states as follows:

1.  This is an action for infringement of Ecopure's federally-registered copyrights and for passing off and unfair competition under Section 43(a) of the Lanham Act, all arising from the Defendants' unauthorized use of Ecopure's copyrights in connection with the marketing, advertising, promotion, offering for sale, and/or sale of the Defendants' water filters. These entities are trading upon Ecopure's reputation, goodwill and valuable copyrights by selling and/or offering for sale their own goods by making unauthorized use of Ecopure's copyrights (collectively, the "Ecopure Works"). In the process, they mislead consumers into believing the goods the Defendants sell via their various online storefronts are genuine Ecopure products.

2.  As demonstrated below, the Defendants create e-commerce stores on platforms such as Amazon (the "Platforms") to advertise, offer for sale, and sell filter their products by making

1

unauthorized use of the Ecopure Works.  In so doing, they seek to give consumers the impression that their filters are genuine Ecopure filters when they are not.

3.    The rapid growth of e-commerce and e-commerce platforms has facilitated online trafficking in counterfeit and pirated goods. In 2021 alone, Customs and Border Protection seized over $3.3 billion in illegitimate goods.  (Exhibit A, 2020 Intellectual Property Rights Seizure Statistics, Fiscal Year 2021, U.S. Customs and Border Protection.)  The majority of the goods seized by CBP arrived from China and Hong Kong. (Exhibit B, Combating Trafficking in Counterfeit and Pirated Goods, US Dept. of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020).)  By setting up deceptive storefronts on e-commerce platforms such as the Platforms here, the Defendants operate with an air of legitimacy and without any efficient or effective modes for intellectual rights holders to enforce their rights. Enforcing intellectual property rights is significantly complicated by e-commerce platforms' policies that permit sellers that have one or more storefronts closed for repeated IP infringement to operate additional stores. (*See* Exhibit C, 2023 Review of Notorious Markets for Counterfeiting and Piracy.)

4.    Infringers are able to register their deceptive storefronts on e-commerce stores such as the Platforms without providing accurate and genuine identifying information. (*See* Exhibit D, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. Int'l L. & Bus. 157, 186 (2020).)  Infringers are able to sign up for storefronts on the Platforms, obscure their real identifies, and, when confronted with an enforcement attempt, avoid accountability and traceability by frequently changing names and addresses including opening new storefronts on the Platforms. (*See* Exs. D (Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. Int'l L. & Bus. 157, 186 (2020)) and B (Combating Trafficking in Counterfeit and Pirated Goods, US Dept. of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24,

2020).) As a result, American consumers now face a significant risk of purchasing counterfeit or pirated goods over the internet that they believe are authentic goods made or sponsored by the actual intellectual property holder. (Exhibit. E, Stopping Counterfeit Trafficking on E-Commerce Platforms Through Fines and Civil Penalties (Homeland Security).)

5.    Accordingly, Ecopure is forced to file this action to discover the full scope of the infringement and attempt to stop Defendants from making unauthorized use of Ecopure's registered copyrights, and to protect unknowing consumers from purchasing such products on platforms such as Amazon. Ecopure has been and continues to be irreparably harmed through consumer confusion, dilution, and damage to its goodwill and valuable copyrights due to Defendants' conduct. Ecopure thus seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

6.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendants' online marketplace accounts (collectively, the "Defendant Internet Stores").

8.    Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products marketed by making unauthorized use of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer

3

shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

### *Plaintiff Ecopure*

9.   Plaintiff Ecopure is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at No. 13, Yishengbai Road, Environmental Protection Industry Zone, Jimo, Qingdao, Shandong, China.  Plaintiff does business in this District through online marketplaces such as Amazon.

10. Ecopure offers refrigerator water filters, undersink water filters, faucet water filters, pitcher and dispenser water filters, coffee water filters, shower water filters, whole house water filters, outdoor water filters, and countertop water filters.  Ecopure specializes in providing replacement water filters at affordable prices.  The filters at issue in this case are sold under the Waterdrop brand name.

### *Defendants*

11. Upon information and belief, Defendants are individuals or corporate entities who reside in the People's Republic of China or have strong ties to the People's Republic of China. Upon information and belief, Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on

4

information and belief, has sold and continues to sell water filters to consumers within the United

States, including Illinois and in this judicial district, by making unauthorized use of the Ecopure

Works. Upon information and belief, Defendants go to great lengths to conceal their identities

and the full scope of their operations making it virtually impossible for Plaintiff to learn

Defendants' true identities and the exact interworking of their network.

12. The Defendants may be joined in one action because Ecopure's right to relief in this

action arises out of Defendants' infringing use of the Ecopure Works in their product listings in

the same fashion and there are common questions of law and fact due to such use.

13. Moreover, there are commonalities in Defendants' product listings which suggest

some level of concerted activities.

## FACTS

### *Ecopure and its Copyrights*

14. Ecopure is the owner of Copyright Registration No. VAu 1-532-511 registered on

August 16, 2024, for the "WaterDrop Pitcher and Filter (pink) and 5 Other Unpublished Works."

*See* Exhibit 1 to Declaration of Hannah Han ("Han Decl.")(Exhibit F hereto)(concurrently filed

under seal). These copyrighted works including the following images:

4868-8433-9422, v.2

| Title | Image |
|---|---|
| **WaterDrop Pitcher and Filter (pink)** |  |
| **WaterDrop Pitcher and Filter (blue#1)** |  |
| **WaterDrop Pitcher and Filter (blue#2)** |  |

4868-8433-9422, v.2

| Title | Image |
|---|---|
| **WaterDrop Pitcher and Filter (pink)** |  |
| **WaterDrop Dispenser and Filter (white background)** |  |
| **WaterDrop Dispenser and Filter (black background)** |  |

4868-8433-9422, v.2

| Title | Image |
|---|---|
| **WaterDrop Pitcher and Filter (pink)** | |
| **WaterDrop Pitcher (black background)** | |



15. Ecopure is the owner of Copyright Registration No. VAu 1-533-144 registered on August 27, 2024, for "7021- Three Blue Filters and 9 Other Unpublished Works." *See* Exhibit 2 to Han Decl. These copyrighted works include the following images:

| Title | Image |
|---|---|
| | |

| | |
|---|---|
| **7021 - One Blue Filter** |  |
| **7021 - One White Filter in Side Profile** |  |
| **Pitcher in Pink plus Three White Filters** |  |
| **Pitcher in Pink plus Four White Filters** |  |

9

| | |
|---|---|
| **One White Filter in Profile Angled from Above** |  |
| **7019 - One White Filter Horizontal from Above** |  |
| **7021 - White Filter Side in Side Profile #2** |  |
| **7021 - White Filter Vertical from Angled Above** |  |
| **One White Filter from Above** |  |

4868-8433-9422, v.2

16. The Ecopure works registered on August 16, 2024 and August 27, 2024 are referred to collectively herein as the "Ecopure Works."

17. Ecopure has expended substantial time, money and resources in developing, advertising and promoting its water filter products, including through use of the Ecopure Works in commerce. Products associated with the Ecopure Works are recognized and associated by consumers, the public and the trade as authorized by Ecopure (the "Ecopure Products").

18. Ecopure uses the Ecopure Works in commerce in association with the sale of its water filters:



4868-8433-9422, v.2

*See* Exhibit 3 to Han Decl.

19. Ecopure has spent substantial time, money, and resources building goodwill in its products using the Ecopure Works.

### *Defendants' Unlawful Activities*

20. The success of the Ecopure Products has led to entities like the Defendants targeting consumers in the United States, including the State of Illinois, by offering to sell and, on information and belief, selling products to consumers within the United States, including the State of Illinois, using Ecopure's intellectual property.

21. Upon information and belief, Defendants are using the Ecopure Works without authorization as part of the advertising and product listings on Defendants' respective Amazon listings.

22. Through their operation of the Defendant Internet Stores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of their own products by making unauthorized use of the Ecopure Works as alleged, often times as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products by making unauthorized use of the Ecopure Works.

23. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Ecopure Works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

4868-8433-9422, v.2

24. The products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

25. The physical appearance of certain of the filter products offered for sale and sold by Defendants do not match the images in the advertisements for such products. *See* Han Decl. at ¶ 9. As discussed above, the Defendants' advertisements include images of genuine Ecopure filters, which images are copyrighted.

26. In addition to operating under multiple fictitious names, defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion. U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021. *See* Exhibit A. In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

27. Defendants, without any authorization or license, have knowingly and willfully infringed the Ecopure Works in connection with the advertisement, distribution, offering for sale, and sale of products into the United States and Illinois over the internet. The product listings

containing the Ecopure Works are detailed at paragraph 7 of the accompanying Declaration of Hannah Han. As these listings evidence, Defendants are using the copyrighted images of genuine Ecopure filters in their advertisements.

28. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell non-genuine Ecopure products into the United States, including Illinois.

29. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Ecopure by depriving Ecopure of its exclusive right to make and distribute copies of, publicly display, and prepare derivative works of the Ecopure Works, and to its valuable reputation and goodwill with the consuming public for which Ecopure has no adequate remedy at law.

30. Even though the Defendants operate under different Seller Aliases, the product listings are in many cases substantially similar and take language directly from Ecopure's listings *See* Han Decl. at ¶ 8.

31. Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the Ecopure Works, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

32. Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet

14

Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operations, and to avoid being shut down.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

### 17 U.S.C. Section 501

33. Ecopure repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

34. The Ecopure Works have significant value and have been produced and created at the expense of Ecopure.

35. At all relevant times, Ecopure has been the holder of the pertinent exclusive rights infringed by Defendants, including but not limited to the Ecopure Works, including the right to make and distribute copies of them, to publicly display them, and to prepare any derivative works from them. Ecopure is the owner of Copyright Registration Nos. VAu 1-532-511 and VAu 1-533-144, with the former having been issued a Copyright Registration Certificate and the latter having been issued an unofficial certificate with the official one expected soon. *See* Exhibits 1 and 2 to Han Decl.

36. Each Defendant has, without the permission or consent of Ecopure, sold products on Amazon making unauthorized use of the Ecopure Works, and has thereby violated Ecopure's exclusive rights of reproduction, distribution, public display and/or right to prepare derivative works. Each of Defendant's actions constitute infringement of Ecopure's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

37. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Ecopure.

15

4868-8433-9422, v.2

38. As a result of each Defendant's infringement of Ecopure's exclusive rights under copyright, Ecopure is entitled to relief pursuant to 17 U.S.C. §504.

39. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Ecopure great and irreparable injury that cannot fully be compensated or measured in money. Ecopure has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Ecopure is entitled to injunctive relief prohibiting each Defendant from further infringing Ecopure's copyrights and ordering that each Defendant destroy all unauthorized copies and remove any such unauthorized copies from their Amazon product listings.

**COUNT TWO**
**PASSING OFF AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

40. Ecopure incorporates by reference the foregoing paragraphs as through set forth fully herein.

41. In connection with the advertisement, promotion, distribution, sales and offer of sales of their products using, Defendants have passed off their products as being affiliated with Ecopure when they are not. Indeed, while the Defendants' listings contain actual copyrighted images of Ecopure products, in some cases the products that are actually sold to consumers do not match the appearance of the filter images in the product listings. Thus, the product listings give the false impression to consumers that they are purchasing products that are either affiliated with Ecopure or are equivalent to Ecopure filters, whereas in reality they are different products in both appearance and function.

42. Ecopure has no control over the quality of the products being offered by Defendant in association with its advertisements, and thus, Defendants' passing off confuses consumers and/or harms Ecopure's reputation and goodwill among consumers. Thus, Defendants' passing off of

16

4868-8433-9422, v.2

their products as Ecopure products constitutes unfair competition with Ecopure, and, unless enjoined, will continue to cause Ecopure immediate and irreparable damage for which it has no adequate remedy at law.

43. The aforementioned actions of Defendants were undertaken with knowledge that they were intended to cause confusion, mistake or deception, and therefore Ecopure is entitled to recover Defendants' profits, damages sustained and the costs of this action under 15 U.S.C. § 1117. As this is an exceptional case pursuant to Section 1117(a), and Defendants' deceptive acts continue to be willful, Ecopure is also entitled to attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Ecopure seeks judgement against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. Using the Ecopure Works or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ecopure product or is not authorized by Ecopure to be sold in connection with the Ecopure Works;

    b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Ecopure product or any other product produced by Ecopure that is not Ecopure's or not produced under the authorization, control, or supervision of Ecopure and approved by Ecopure for sale under the Ecopure Works;

17

      c.   Committing any acts calculated to cause consumers to believe that Defendants'

           products are sold under the authorization, control, or supervision of Ecopure, or

           are sponsored by, approved by, or otherwise connected with Ecopure;

      d.   Further infringing the Ecopure Works and damaging Ecopure's goodwill; and.

2.   Entry of an Order that, upon Ecopure's request, those with notice of the injunction,

    including, without limitation, any online marketplace platforms such as eBay,

    AliExpress, Alibaba, Amazon, Walmart, Wish.com, Etsy, Temu, and DHgate

    (collectively, the "Third Party Providers") shall:

      a.   disable and cease displaying any advertisements and product listings used by or

           associated with Defendants in connection with the sale of goods using the

           Ecopure Works or derived from the Ecopure Works;

      b.   disable and cease providing services for any accounts through which Defendants

           engage in the advertising their products by means which reproduce the Ecopure

           Works or are derived from the Ecopure Works, including any accounts associated

           with Defendants;

      c.   take all steps necessary to prevent links to the Defendant accounts identified in

           Schedule A from displaying in search results, including, but not limited to,

           removing links to the Defendant accounts from any search index;

3.   For Judgment in favor of Ecopure against Defendants that they have: a) willfully

    infringed Ecopure's rights in Ecopure's federally registered copyrights pursuant to 17

    U.S.C. §501; and b) otherwise injured the business reputation and business of Ecopure by

    Defendants' acts and conduct set forth in this Complaint;

4868-8433-9422, v.2

4. For Judgment in favor of Ecopure against Defendants for actual damages or infringers' profits pursuant to 17 U.S.C. §504, at the election of Ecopure, in an amount to be determined at trial;

5. For Judgment in favor of Ecopure against Defendants for monetary relief in the form of defendants' profits, damages sustained and costs resulting from Defendants' willful violation of 15 U.S.C. § 1125(a);

6. That Ecopure be awarded reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) as this is an exceptional case; and; and

7. Award any and all other relief that this Court deems just and proper.

Date: August 29, 2024                    Respectfully submitted,

                                         _/s/ Todd R. Tucker_
                                         Todd R. Tucker (65617)
                                         ttucker@calfee.com
                                         Raymond Rundelli (*pro hac vice application forthcoming*)
                                         rrundelli@calfee.com
                                         Yizhou Liu (93842)
                                         bliu@calfee.com
                                         Nicholas P. Zalany (80095)
                                         nzalany@calfee.com
                                         Calfee, Halter & Griswold LLP
                                         The Calfee Building
                                         1405 East Sixth Street
                                         Cleveland, Ohio 44114
                                         (216) 622-8200 (Telephone)
                                         (216) 241-0816 (Facsimile)

                                         *Attorneys for Plaintiff Ecopure LLC*